ELIZABETH P. THOMPSON, Appellant, v. A. C. BERNAYS, Respondent.

### St. Louis Court of Appeals, November 5, 1900.

Remarks of Counsel: VERDICT, SETTING ASIDE: NEW TRIAL: PRACTICE, TRIAL: PRACTICE, APPELLATE. A trial court should not hesitate to set aside a verdict in favor of the offending party, when on a trial *de novo* on appeal from a justice's court, after a previous warning, the attorney repeats in his argument to the jury that, "the justice who tried the case did not believe him when he said he did not sign it and rendered judgment against him; the justice found against him."

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED AND REMANDED.

*Ford W. Thompson,* for appellant.

(1)  If it is made to appear that the trial court has manifestly abused its discretion, or has exercised it in a wrongful and arbitrary manner, or where it plainly appears that an injustice has been done, this court will interfere and set aside the action of the trial court.  Carr v. Davis, 46 Mo. App. 598; Vastine v. Bailey, 46 Mo. App. 413.  (2) When the trial court in the exercise of its discretion grants a new trial on the ground that certain remarks of counsel in his argument to the jury are improper, not within the scope of legitimate comment upon the evidence, and calculated to prejudice the jury against his adversary, such action will not

be sustained by this court, unless it appear not only that the remarks were improper, and not within the scope of legitimate comment upon the evidence, but also that they are of such a kind and character as to make it reasonably probable that the jury were influenced and prejudiced against the complainant. Evans v. Trenton, 112 Mo. 390. (3) remarks of counsel in this case are not improper, are within the scope of legitimate comment upon the evidence, and it is not reasonably probable that the jury were influenced and prejudiced by them. (4) If the party who appeals from an order directing a new trial can establish, that notwithstanding the errors assigned by the trial court, or by his adversary, the verdict was right as a conclusion of law, his appeal should be sustained, and the order for a new trial vacated. Ittner v. Hughes, 133 Mo. 679. (5) It is not every error in circuit court proceedings that will warrant another trial. In order to produce that result it must have been prejudicial to the substantial rights of the complaining party upon the merits of the cause. Ittner v. Hughes, 133 Mo. 679, 689; R. S. 1889, secs. 2240, 2303, 2100.

*Morris G. Levinson* for respondent.

Under the law touching appeals from orders awarding new trial appellate courts may properly affirm such order for errors that would probably not have been regarded as sufficient to secure a reversal had the motion for new trial been overruled. Bunyon v. Railway, 127 Mo. 12; Ittner v. Hughes, 133 Mo. 692. To warrant reversal of an order for new trial it must clearly appear that no error occurred that may possibly have been prejudicial to the party who applied for the new trial. Ittner v. Hughes, *supra*. Appellate courts are empowered to review and interfere with the dis-

cretion of inferior courts when oppressively or abusively exercised, or when their discretion has been injudiciously exercised. Carr v. Dawes, 46 Mo. App. 598. A motion to vacate a decree is addressed entirely to the discretion of the court and depends upon facts within the knowledge of the justices. Goddard v. Ordway, 110 U. S. 751; Cheany, Kee v. U. S., 3 Wall. 320; Carr v. Dawes, 46 Mo. App. 602. The setting aside of a verdict and granting a new trial on account of prejudicial remarks of counsel is one of those matters transpiring before the trial court, that from the very nature of the situation must necessarily be left wholly within the discretion of that court. Carr v. Dawes, 40 Mo. App. 602.

BOND, J.—This action is by the indorsee against the maker of a promissory note. It was begun before a justice of the peace, where the plaintiff recovered, and appealed to the circuit court, where plaintiff again had judgment, but a new trial was granted on the ground that plaintiff's attorney made improper remarks in addressing the jury. This order having been appealed from by plaintiff presents the only question of review in this court.

1. The remarks of plaintiff's attorney, upon which the trial court predicated its ruling in awarding a new trial consisted of a pointed reference to the previous decision of the justice of the peace against defendant. When these were first uttered by the counsel he was admonished by the court to desist from such allusion to the former trial. Thereupon the counsel expressed regret for the language used by him, but subsequently when making his closing address to the jury reiterated his references to the judgment of the justice against defendant in the following words: "The justice who tried the case didn't believe him when he said he did not

sign it, and rendered judgment against him; the justice found against him."

Defendant's counsel renewed his exception to these remarks, and the court a second time censured plaintiff's attorney for his reference to the decision of the justice. Under this state of the record we perceive no error in the action of the trial court in awarding a new trial upon the repetition by plaintiff's attorney of the foregoing remarks. The necessary tendency of such a statement was to lead the jury to believe there was no merit in the defense to the suit on trial, and that defendant himself was an untruthful witness, since the justice had decided against him on that ground. The very purpose of the law in allowing a trial *de novo* on an appeal from a justice, is to have an investigation of the merits of the matters in controversy, free from the influence of any thing happening before the justice, and wholly independent of his findings of fact or conclusions of law. Obviously this purpose was thwarted when the jury were in effect asked to decide against defendant because the justice had done so. Counsel should have refrained from such a statement. It pertained to a matter which could not have been shown in evidence, hence any allusion to it was unwarranted by the scope of the legitimate record in the circuit court. That it was an unfair auxiliary to the argument of plaintiff's counsel results from the well known effect of judicial opinion upon the deliberations of juries when its weight is cast in the scale containing the case of one of the parties to the suit. This sensitiveness of juries and their quick response to what they may imagine to be authorized statements of the law, should not be taken advantage of in the course of argument addressed to them. If so, the trial court should not hesitate to set aside a verdict in favor of the offending party, especially when, as in this case, the previous warning of the court has

been disregarded.   Neither zeal of discussion, nor identification with the interest of clients, should ever overcome the sense of high and delicate responsibility which the profession of law, owes to right conduct and the administration of exact justice through the instrumentality of the courts.   The award of a new trial for the reasons given by the lower court is therefore affirmed, and the cause remanded for retrial. All concur.